UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARLENE R. OWENS, )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>JOBWORKS, INC., )<br>     Defendant. ) | Cause No.: 2:12-CV-284-PRC |

## OPINION AND ORDER

This matter is before the Court on Jobworks, Inc.'s Second Motion for Sanctions including Dismissal (with Prejudice) and, in the Alternative, Motion for Summary Judgment [DE 49], filed on November 3, 2014. Plaintiff (who is pro se) has not filed a response, and the time to do so has passed.

### I. Background

This is a Title VII discrimination lawsuit brought by Plaintiff against her former employer, alleging age and race discrimination. Over the last year, Plaintiff has on many occasions failed to participate in discovery, including failing twice to attend her own deposition. She has not filed responses to any of Defendant's motions, and this Court has already granted an earlier motion for sanctions for Plaintiff's first failure to attend her deposition.

In light of these failures, Defendant asks that the Court sanction Plaintiff by both awarding it the attorney fees and related costs incurred in the second failed deposition as well as dismissal with prejudice under Federal Rules of Civil Procedure 37 and 41. Defendant asks, in the alternative, that summary judgment be granted in its favor.[1]

---

[1] All parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Analysis

Federal Rule of Civil Procedure 37(d) provides that courts may sanction parties for failures to attend their own depositions. Fed. R. Civ. P. 37(d). Dismissal is one of the available sanctions. In the Rule 37 context, the standard for a sanction of dismissal is a finding by the court of "willfulness, bad faith or fault" by clear and convincing evidence. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001)).

Though "[d]ismissal with prejudice is an extreme sanction that should be used only as a last resort," it is nevertheless appropriate here. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Plaintiff has failed not only to attend her deposition, but has, since July 2014, failed to respond to any of Defendant's numerous attempts to communicate with her. When called three times by this Court's staff on the day of her first failed deposition to inquire as to whether she would in fact be attending, she hung up almost immediately each time. And despite being sanctioned for her first failure to attend her deposition, she has continued to display "a pattern of willful delay and avoidance," by failing a second time to attend her own deposition. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191 (7th Cir. 2011) (internal quotation marks and citation omitted). She has, moreover, failed to file responses to any of Defendant's motions. There is clear and convincing evidence of fault, and dismissal with prejudice is warranted.

Further, because Plaintiff's position was not substantially justified, an award of fees and costs is also required. *See* Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Defendant represents that the attorney fees and the costs incurred in the second failed deposition amount to

$1,227.68, which this Court finds to be a reasonable and just amount. Finally, because dismissal with prejudice is appropriate under Rule 37, this Court need not consider Defendant's arguments regarding summary judgment or dismissal under Rule 41.

### III. Conclusion

For these reasons, the Court **GRANTS** Jobworks, Inc.'s Second Motion for Sanctions including Dismissal (with Prejudice) and, in the Alternative, Motion for Summary Judgment [DE 49] and **ORDERS** that this case be **DISMISSED with prejudice** and that Plaintiff pay $1,227.68 as a sanction to compensate Defendant for the costs and fees incurred in its second attempt to take Plaintiff's deposition.

SO ORDERED this 5th day of January, 2015.

                                              s/ Paul R. Cherry
                                             MAGISTRATE JUDGE PAUL R. CHERRY
                                             UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Marlene R. Owens, Plaintiff